IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN CARLO MANTO, | ) |
| Petitioner, | ) Civil Action No. 3:24-cv-240 |
| v. | ) Magistrate Judge Patricia L. Dodge |
| WARDEN MICHAEL UNDERWOOD, | ) |
| Respondent. | ) |

**MEMORANDUM**

Before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 9) filed by federal Jean Carlo Manto under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the Petition for lack of subject-matter jurisdiction.

**I.    Relevant Background**

In 2018, Manto was federally indicted in the United States District Court for the Eastern District of New York (the "trial court") in the case of *United States v. Manto*, 1:18-cr-367 (E.D. N.Y.). He was charged with four counts of transportation of child pornography (Counts 1 through 4) and one count of possession of child pornography (Count 5).

Manto unsuccessfully moved to suppress evidence recovered from his cell phones and statements he made to investigating agents. He ultimately pleaded guilty pursuant to a plea agreement to Count 1 of the Indictment. On February 10, 2022, the trial court sentenced him to 240 months of imprisonment to be followed by 5 years of supervised release. The Federal Bureau

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of a final judgment.

of Prisons ("BOP") houses Manto at FCI Loretto, which is located within the territorial boundaries of this Court.

Manto filed a direct appeal in the United States Court of Appeals for the Second Circuit. The Government moved to dismiss this appeal as barred by the waiver of appellate rights contained in Manto's plea agreement. The Second Circuit Court agreed with the Government, holding:

> [Manto] has not demonstrated that the waiver of his appellate rights is unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). To the extent [Manto] wishes to raise claims or arguments of ineffective assistance of counsel, we decline to address them on direct appeal, as they rely on matters outside of the record or (in relation to the affidavit [Manto] has submitted from former counsel) would require appellate factfinding. *See United States v. Laurent*, 33 F.4th 63, 97 (2d Cir. 2022). [Manto] may be able to instead raise those claims or arguments in a properly filed motion under 28 U.S.C. § 2255, although we do not definitively reach whether [he] is able to do so.

*United States v. Manto*, 2024 WL 3927004, at *1 (2d Cir. July 25, 2024). A review of the trial court's docket sheet, which is available on PACER, shows that Manto has not, at least as of yet, filed a motion to vacate his sentence under 28 U.S.C. § 2255.

In the Petition for a Writ of Habeas Corpus Manto filed with this Court, as supplemented (ECF 3 & 9), he challenges the validity of the trial court's sentence. He claims that the sentence the trial court imposed is illegal because he was convicted in violation of his "Fourth Amendment right to be free of illegal search and seizure as well as a Fifth Amendment due process right…to be free of self-incrimination." (ECF 9-1 at p. 13; *see also* ECF 9 at pp. 4, 9.)

Respondent has filed an Answer in which he contends that the Court must dismiss the Petition for lack of subject matter jurisdiction. (ECF 16.) Manto has filed a Reply in which he insists that he is factually innocent, that his Fourth and Fifth Amendment rights were violated in the process of obtaining his conviction and, therefore, the BOP is carrying out an illegal sentence. (ECF 19.)

**II.     Discussion**

"Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). A § 2255 motion, which a petitioner must file with the court that sentenced him, "is the presumptive means by which federal prisoners challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) ("[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255."), abrogated on other grounds by *Jones v. Hendrix*, 599 U.S. 465 (2023).

A § 2241 petition must be filed in the district in which the petitioner is confined. *See, e.g., Bruce*, 868 F.3d at 178. In contrast to § 2255, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence*." *Cardona*, 681 F.3d at 535; *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (emphasis added) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

For example, a federal inmate can litigate in a § 2241 petition claims that challenge conduct by the BOP that affects the duration of his custody, such as a challenge to how the BOP is computing his federal sentence, *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or a challenge to the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits*, Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Manto is not raising these types of claims in this action. Another type of claim a federal prisoner can litigate in a § 2241 petition is one that challenges BOP conduct that the prisoner contends "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536*; McGee v.*

*Martinez*, 627 F.3d 933, 935-37 (3d Cir. 2010); *Woodall*, 432 F.3d at 243. Manto is not raising this type of claim in this action either.

Here, Manto's claims are clearly challenging the validity of his criminal sentence, not the way the BOP is carrying out or executing that sentence. Thus, this Court lacks jurisdiction to consider his claims under § 2241. *Voneida v. Johnson*, 88 F.4th 233, 238 (3d Cir. 2023).

Importantly, a federal inmate who seeks to challenge the validity of his conviction or sentence may not—save for one narrow circumstance—file a § 2241 motion in the district of confinement. Section 2255(e) expressly provides:

> An application for a writ of habeas corpus [under § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

(Emphasis added). The italicized language is known as § 2255(e)'s "savings clause."

The narrow exception to § 2255(e)'s rule barring § 2241 petitions from asserting substantive § 2255 claims is when relief under § 2255 is "inadequate or ineffective to test the legality of [the inmate's] detention"—the so-called "saving clause." 28 U.S.C. § 2255(e). In *Jones v. Hendrix*, 599 U.S. 465 (2023),[2] the Supreme Court described the interplay between § 2255 and

---

[2] "Before *Jones*, whether the saving clause permitted a prisoner to challenge his detention on the grounds that a change in statutory interpretation arguably rendered the conduct underlying his conviction non-criminal was a question of significant debate in the courts of appeals." *Voneida*, 88 F.4th at 237. In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 197), the Third Circuit Court of Appeals held that "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" could use § 2255(e)'s saving's clause to bring a habeas claim under § 2241.

"*Jones* abrogated *In re Dorsainvil*." *Voneida*, 88 F.4th at 237. It held that § 2255(h)'s limitation on second or successive motions does not make § 2255 "inadequate or ineffective" such that a petitioner asserting a change in statutory law effected after his conviction was final and after his initial § 2255 motion was rejected should be able to proceed with a claim under § 2241. *Jones*, 143 S. Ct. at 1863. The Supreme Court reasoned that § 2255(h) "specifies the two circumstances

§ 2241 and the very limited applicability of § 2255(e)'s "savings clause." It explained that the saving clause applies narrowly "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 478. In *Jones*, the Supreme Court provided two examples of an unusual circumstance: where the sentencing court no longer exists after dissolution; or when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." 599 U.S. at 474 (quoting *United States v. Hayman*, 342 U.S. 205, 215 n.23 (1952)); *see also id.* at 474 n.2 (noting that "this sort of practical inadequacy would be highly unusual today").

Manto has not demonstrated any circumstance akin to the examples listed in *Jones*, and there is no other basis for this Court to conclude that it can exercise jurisdiction over his claims under the savings clause. *See, e.g.*, *Syed v. Warden Loretto FCI*, 2023 WL 8058741, at *1 (3d Cir. Nov. 21, 2023) (per curiam) (the petitioner "has not argued, much less demonstrated, that [the saving's clause] exception applies"); *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) ("It is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.")

---

under which a second or successive collateral attack on a federal sentence" via § 2241 "is available, and those circumstances do not include an intervening change in statutory interpretation." *Id.* at 1876.

**III.     Conclusion**

Based on the above, the Court lacks subject matter jurisdiction under § 2241 to consider Manto's claims and the Petition will be dismissed for that reason.[3] An appropriate Order follows.


Dated: March 28th, 2025                                    /s/ Patricia L. Dodge
                                                           PATRICIA L. DODGE
                                                           UNITED STATES MAGISTRATE JUDGE

---

[3] Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The Court therefore makes no certificate of appealability determination in this case.